UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| OSAMA F. AL-SULEIMAN, | ) | Case No.  6:10-bk-10879-KSJ |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | | |
| FLORIDA CARDIOLOGY, P.A., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 6:10-ap-00258-KSJ |
| vs. | ) | |
| | ) | |
| OSAMA F. AL-SULEIMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION GRANTING
DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Both parties move for summary judgment in this adversary proceeding asserting that a judgment for attorney fees is not dischargeable.  Defendant's Motion for Final Summary Judgment[1] is granted.  Plaintiff's Cross-motion for Summary Judgment,[2] made in conjunction with plaintiff's Opposition to Defendant's Motion for Summary Judgment, is denied.  Al-Suleiman's liability to Florida Cardiology, P.A. is discharged.

Plaintiff, a cardiology group, employed defendant pursuant to a written employment agreement.  The agreement contained a covenant restricting defendant from competing against plaintiff by practicing cardiology within a fifty-mile radius of plaintiff's offices for a period of two years after his employment with plaintiff ended.[3]

In March 2008, defendant left plaintiff's employ under circumstances that are disputed but irrelevant.  Shortly thereafter, defendant established his own medical practice within the

---

[1] Doc. No. 12.
[2] Doc. No. 19.
[3] Doc. No. 1, Exhibit A at 7-9.

restricted geographic area and treated cardiology patients, including some patients who had been patients of plaintiff's practice.

In May 2008, plaintiff sued defendant in Florida state court ("the State Court Action").[4] The complaint in the State Court Action alleged four counts, each of which sounds in contract: Enforcement of Covenant Not to Compete (Count I); Liquidated Damages for Breach of Restrictive Covenant (Count II); Damages for Breach of Employment Contract (Count III); and Temporary Injunction (Count IV). The complaint did not include any tort claims or allegations of larceny.

The state court conducted an evidentiary hearing on plaintiff's request for a temporary injunction against defendant. In the context of the temporary injunction litigation, the state court found:

(i)    Defendant opened a cardiology practice "within 3 to 5 miles of Florida Cardiology's office;"

(ii)   Defendant did not dispute "that he was competing in business with Florida Cardiology;"

(iii)  "When he left [plaintiff's employ], Dr. Al-Suleiman requested the patient list from Florida Cardiology, but his request was denied. He sought and obtained a list of patient names and addresses from South Lake Hospital. Dr. Al-Suleiman had his office assistant contact his former Florida Cardiology patients to advise them that he left the practice. For those they could not contact by telephone, he sent a letter;"

(iv)  Defendant violated the restrictive covenant in his employment agreement;

(v)   The restrictive covenant was reasonably necessary to protect Florida Cardiology's legitimate business interests;

---

[4] Doc. No. 12, Exhibit B.

(vi)     Defendant did not rebut the presumption his violation of the restrictive covenant caused irreparable injury to Florida Cardiology;

(vii)    Defendant did not present any legitimate defenses to enforcement of the restrictive covenant; and

(viii)   The geographic restriction in the employment agreement (fifty miles from any of plaintiff's offices) was overbroad.[5]

The state court then entered a temporary injunction barring defendant from practicing cardiology within a twenty-five mile radius of plaintiff's offices for two years.[6]  The Florida Fifth District Court of Appeal affirmed the injunction in a *per curiam* decision.[7]  Defendant obeyed the injunction; he ceased practicing cardiology within twenty-five miles of plaintiff's offices.

In March 2010, the parties finally settled the State Court Action, and the state court entered a consensual Stipulated Final Judgment and Permanent Injunction.[8]  Defendant was enjoined from practicing cardiology within a twenty-five mile radius of plaintiff's offices through September 22, 2010, and, significantly, plaintiff abandoned "all claims for damages other than attorneys' fees."[9]  The state court retained jurisdiction to determine those fees.

Plaintiff made a Motion for Attorneys' Fees and Costs in the State Court Action. Defendant did not dispute plaintiff's entitlement to a fee award,[10] but he challenged the amount of plaintiff's request.  On June 11, 2010, the state court granted plaintiff's motion and ordered defendant to pay plaintiff $227,284.69 (comprised of $196,887.75 in attorneys' fees and

---

[5] Doc. No. 12, Exhibit E.

[6] *Id.*

[7] *Al-Suleiman v. Florida Cardiology, P.A.*, 18 So. 3d 543 (Fla. 5th DCA 2009).

[8] Doc. No. 12, Exhibit F.

[9] *Id.*

[10] The employment agreement contains an attorneys' fees provision: "In the event of a dispute arising under this Agreement, the prevailing party will recover from the non-prevailing party, in addition to remedies provided under law, all court costs and reasonable attorneys' fees (including charges attributable to law clerks and paralegals) incurred in the enforcement of its/his rights hereunder[.]"  (Doc. No. 1, Exhibit A, at 10.)

$30,396.94 in costs) (the "Fee Judgment").[11]  Two weeks later, on June 21, 2010, defendant filed his Chapter 7 petition.

In this adversary proceeding, plaintiff seeks a determination that the Fee Judgment is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and (6) of the Bankruptcy Code.[12] Plaintiff's complaint alleges: (i) the debt is nondischargeable pursuant to § 523(a)(4) because it arises out of defendant's larceny of plaintiff's patient list; and (2) the debt is nondischargeable pursuant to § 523(a)(6) because it arises out of defendant's willful and malicious injury of plaintiff's business.[13]

Defendant moves for summary judgment on both counts of the complaint, arguing the undisputed facts demonstrate the judgment debt is not "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny," as required by § 523(a)(4), nor is it "for willful and malicious injury by the debtor to another entity or to the property of another entity," as required by § 523(a)(6).  Instead, defendant contends the debt is for attorneys' fees and costs incurred by plaintiff in pursuing its contract claims against plaintiff in the State Court Action.

Plaintiff opposes defendant's motion.  Plaintiff also seeks a cross-motion for summary judgment on both counts of the complaint, asserting the state court's findings establish defendant committed larceny and willfully and maliciously harmed plaintiff's business and, therefore, the debt is nondischargeable pursuant to §§ 523(a)(4) and (a)(6).

Under Federal Rule of Civil Procedure 56, made applicable by Federal Rule of Bankruptcy Procedure 7056, a court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[14] The moving party has the burden of establishing the right to summary judgment.[15]  Conclusory

---

[11] Doc. No. 12, Exhibit G.
[12] All references to the Bankruptcy Code are to Chapter 11 of the United States Code.
[13] Doc. No. 1.
[14] Fed. R. Civ. P. 56.
[15] *Fitzpatrick v. Schlitz (In re Schlitz)*, 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986).

allegations by either party, without specific supporting facts, have no probative value.[16]    In determining entitlement to summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."[17]    "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."[18]    A material factual dispute precludes summary judgment.[19]

Section 523(a) enumerates debts an individual Chapter 7 debtor cannot discharge. Subsection (4) lists debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."[20]    Plaintiff relies solely on the larceny portion of subsection (a)(4); it does not allege defendant committed fraud or defalcation while acting in a fiduciary capacity or that defendant embezzled.    Plaintiff argues the state court's findings regarding the patient list establish defendant's larceny – that as a part of a scheme to breach the contractual covenant not to compete, defendant "stole" plaintiff's patient list.

Plaintiff also relies on § 523(a)(6), which states debts "for willful and malicious injury by the debtor to another entity or to the property of another entity" are not dischargeable.[21]    This subsection applies to debts for damages resulting from debtor's intentional tort directed against the plaintiff or the plaintiff's property.[22]    Breaches of contract "fall far short of the standard for a viable claim under Section 523(a)(6)."[23]    Plaintiff argues the state court's findings establish defendant acted willfully and maliciously, intending injury to plaintiff's business through his tortious acts.

---

[16] *Evers v. General Motors Corp.* 770 F.2d 984, 986 (11th Cir. 1985).

[17] *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007).

[18] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

[20] 11 U.S.C. § 523(a)(4).

[21] 11 U.S.C. § 523(a)(6).

[22] *In re Nofziger*, 361 B.R. 236, 243 (Bankr. M.D. Fla. 2006) ("The established law is clear that a debtor must commit some type of intentional tort directed against the claimant or his property in order for a court to find that the *resulting damages* are nondischargeable." ) (emphasis added); s*ee also  In re Vermilio*, -- B.R.--, 2011 WL 3808024, at *5-6 (Bankr.  M.D. Fla. 2011) (plaintiff title insurer's payment on claim resulting from debtor's fraud constituted damages resulting from willful and malicious injury to plaintiff).

[23] *In re Huggins*, 252 B.R. 567, 569 (Bankr. M.D. Fla. 2000).

The record does not support plaintiff's arguments that the state court's findings establish defendant's larceny and willful and malicious injury to plaintiff's business. The state court's orders and judgment establish that defendant breached the restrictive covenant in his employment agreement and owes plaintiff $227,284.69 for attorneys' fees and costs plaintiff incurred in obtaining the Stipulated Final Judgment and Permanent Injunction. They do not contain factual findings sufficient to establish defendant committed larceny or any tort against plaintiff.[24]

Even if plaintiff could prove defendant committed larceny or an intentional tort, defendant still is entitled to summary judgment. Plaintiff's complaint is fatally flawed because the statutes under which plaintiff seeks a nondischargeability determination simply do not apply to the debt plaintiff identifies. The $227,284.69 state court judgment is not "for" larceny (debts described in subsection (a)(4)) or "for" willful and malicious injury to plaintiff or plaintiff's property (debts described in subsection (a)(6)).

The only debt defendant owes plaintiff is "for" attorneys' fees and costs plaintiff incurred in enforcing its contractual rights against defendant in the State Court Action. Each of the four counts of the state court complaint allege defendant's breach of the restrictive covenant and seek a remedy for such breach. The consent judgment merely requires the defendant to observe the covenant not to compete for a narrower geographic area. Plaintiff has "abandoned all claims for damages other than attorneys' fees" in the consent judgment. The order on Plaintiff's Motion for Attorneys' Fees and Costs moreover awards fees and costs "both for trial and appellate work" of

---

[24] Plaintiff repeatedly asserts the state court held defendant improperly obtained plaintiff's confidential patient list. It did not. The state court's factual findings regarding the patient list are:

> Florida Cardiology maintains a patient list. The patient list is confidential and constitutes a valuable asset of the practice. When he left, Dr. Al-Suleiman requested the patient list for Florida Cardiology, but his request was denied. He sought and obtained a list of patient names and addresses from South Lake Hospital.

(Doc. No. 12, Exhibit E, ¶ M.) These findings do not establish defendant committed larceny or an intentional tort against plaintiff. Indeed, they do not establish defendant's actions were wrongful under any legal standard.

plaintiff's attorney in the State Court Action, which again asserts no tort claim but only claims for breach of contract. Stated differently, plaintiff voluntarily has abandoned any other possible claim, including any possible tort claim for larceny or willful and malicious injury to its business, in the consent judgment, other than the right to recover its stipulated contractual damages—attorneys' fees and costs. Plaintiff has a valid, stipulated claim against the defendant for breaching his employment agreement, nothing more.

The distinction between debts "for" breach of contract and debts "for" larceny and intentional torts is critical. Plaintiff acknowledges the general rule that most debts for breach of contract damages are dischargeable in bankruptcy but cites to *In re Dowdell*,[25] for the proposition that defendant's liability "even if it has its origin in a contract, is nondischargeable, since it is inextricably tied to the underlying tortious behavior."[26] *Dowdell*, however, does not so hold. To the contrary, the Court in *Dowdell* distinguishes between damages resulting from breach of contract (dischargeable) and those resulting from willful and malicious injury (not dischargeable). In *Dowdell*, the state court judgment was ambiguous and did not distinguish how much of the judgment was attributable to damages due to breach of contract and how much of the judgment was for willful and malicious injury. *Dowdell* holds that only the portion of the judgment debt attributable to tortious behavior of the debtor is nondischargeable; any part of the judgment debt attributable to damages for breach of contract is and remains dischargeable.[27] The court then required the parties by stipulation or trial to divide the judgment between the amount that was dischargeable and that amount that was not dischargeable.

Unlike *Dowdell*, in this case, there is *no* ambiguity in the Fee Judgment. The *entire* judgment is for attorneys' fees and costs plaintiff incurred pursuing its breach of contract lawsuit. Plaintiff specifically abandoned all claims for any other damages.

---

[25] 406 B.R. 106 (Bankr. M.D. Fla. 2009).

[26] Doc. No. 19 at 17.

[27] *Dowdell*, 406 B.R. at 114-15 ("The amount ultimately found to be attributable to the breach of contract . . . shall be discharged.")

Plaintiff is correct that a debt for attorneys' fees and costs is not necessarily dischargeable. Some attorneys' fees awards may be nondischargeable pursuant to § 523.[28] "A debt for attorney's fees has no special status under section 523."[29] However, *this* attorneys' fee debt entirely is dischargeable. Plaintiff cannot, as a matter of law, obtain the relief it seeks in its complaint. Summary judgment is due defendant.

Defendant's motion for final summary judgment is granted. Plaintiff's cross-motion for summary judgment is denied. A separate final judgment consistent with this ruling shall be entered.

DONE AND ORDERED in Orlando, Florida, on November 8, 2011.

_____
KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Copies provided to:

Attorneys for Defendant:  Kenneth D. Herron, Jr., Roman V. Hammes, Wolff, Hill, McFarlin, & Herron, P.A., 1851 W. Colonial Drive, Orlando, FL  32804

Attorney for Plaintiff:  Stephen D. Milbrath, Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A., P.O. Box 3791, Orlando, FL  32802-3791

---

[28] *See e.g. Mills v. Ellerbee (In re Ellerbee)*, 177 B.R. 731 (N.D. Ga. 1995) (entire state court judgment, including attorneys' fees, was nondischargeable debt for willful and malicious injury).
[29] *Id.* at 747.